

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-13-2003

# USA v. Freeman

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-4342

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation
"USA v. Freeman" (2003). *2003 Decisions*. Paper 111.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/111

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-4342

UNITED STATES OF AMERICA

v.

DENNIS FREEMAN,

Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 00-00692)
Honorable Robert F. Kelly, District Judge

Submitted under Third Circuit LAR 34.1(a)
November 7, 2003

BEFORE: MCKEE, SMITH and GREENBERG, Circuit Judges

(Filed: November 13, 2003)

OPINION OF THE COURT

GREENBERG, Circuit Judge.

This matter comes on before the court on defendant Dennis Freeman's appeal

from a judgment of conviction and sentence entered November 25, 2002, following his

plea of guilty to one count of a multi-count indictment in this case involving various drug

charges. The district court sentenced Freeman to serve a 270-month custodial term to be followed by ten years of supervised release. In particular, Freeman pleaded guilty to conspiracy to distribute more than 50 grams of cocaine base ("crack") in violation of 21 U.S.C. § 846. Freeman made this plea following the district court's denial of his motion to suppress physical evidence by an order entered April 10, 2002. <u>See</u> <u>United States v. Freeman</u>, CR. No. 00-692-01, 2002 WL 523166 (E.D. Pa. Apr. 9, 2002). But at the time that Freeman pleaded guilty he reserved his right to appeal the denial of his motion to suppress as authorized by Fed. R. Crim. P. 11(a)(2). The district court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction pursuant to 28 U.S.C. § 1291.

On this appeal Freeman contends that the district court erred "when it failed to grant [his] motion to suppress evidence based on appellee's sealed warrant to adequately describe the premises to be searched when [appellee] failed to reasonably investigate the true nature of the structure" and "when it failed to suppress evidence upon the appellee's representative's [sic] failure to adequately 'knock and announce' their presence and purpose." Appellant's Br. at i. There is a variation between the parties' concept of the applicable standard of review. Initially Freeman contended that our entire review was plenary. Appellant's Br. at 13. But in its answering brief the government pointed out that our review with respect to the district court's factual findings was on a clear error basis but our application of the law to the facts was plenary. Appellee's Br. at 20, 36. Then in his reply brief Freeman apparently adopted the government's position, at least in part, as

2

he indicated that "the district court's finding that the 'knock and announce' rule [was not violated] was clearly erroneous." Appellant's Reply Br. at 8. In fact, the government properly sets forth the applicable standards of review. See United States v. Perez, 280 F.3d 318, 336 (3d Cir. 2002).

We do not describe the facts as the parties are familiar with them and the district court set them forth in its memorandum of April 9, 2002, accompanying its order of April 10, 2002. Applying the applicable standards of review we will affirm substantially for the reasons the district court advanced in its memorandum. We add only that there is substantial authority supporting the district court's conclusion that the search was lawful because "the police limited their search to the first floor apartment." Freeman, 2002 WL 523166, at *3. See, e.g., United States v. Geraldo, 271 F.3d 1112, 1118 (D.C. Cir. 2001); Mena v. City of Simi Valley, 226 F.3d 1031, 1038-39 (9th Cir. 2000); see also United States v. $92,422.57, 307 F.3d 137, 149 (3d Cir. 2002).

The judgment of conviction and sentence entered November 25, 2002, will be affirmed.

———————

TO THE CLERK:

Please file the foregoing not precedential opinion.

/s/ Morton I. Greenberg
Circuit Judge
